599 F.Supp. 945 (1984)
Nancy BONAR, on behalf of Douglas BONAR, an infant; Karen Amey, on behalf of Scott Amey, an infant; Martha Hamann, on behalf of Susan Hamann, an infant; Lynne C. Sommerstein, on behalf of Michelle L. Sommerstein, an infant; Donna Dougherty, on behalf of Richard Dougherty, an infant; Rita Evelt, on behalf of John Evelt, an infant; Individually and on behalf of all other similarly situated individuals, Plaintiffs,
v.
Gordon AMBACH, as New York State Commissioner of Education, Defendant.
No. CIV-80-362C.
United States District Court, W.D. New York.
December 28, 1984.
*946 Serotte, Reich & Goldstein, Buffalo, N.Y. (Bruce A. Goldstein, and Gerald P. Seipp, Buffalo, N.Y., of counsel), for plaintiffs.
New York State Educ. Dept., Albany, N.Y. (Kenneth Pawson, Albany, N.Y., of counsel), for defendant.
CURTIN, Chief Judge.

I.
This matter is before the court for the third time on the question of attorneys' fees. In an order dated September 29, 1982, I found that the plaintiffs were "prevailing parties," in that the commencement of this action resulted in a settlement favorable to the plaintiffs. I also held that an award of attorneys' fees pursuant to 42 U.S.C. § 1988 was proper.
Counsel then submitted affidavits outlining the time spent in preparing the case. Defendants opposed the award both in terms of the amount sought and the propriety of any award under the circumstances of this case. I declined to change my conclusion that the plaintiffs were prevailing parties, and I awarded fees to plaintiffs' counsel. See, order of December 20, 1983, Item 80.
Counsel subsequently sought a modification of that order, requesting the court to award fees for legal work done in connection with preparing the motion. Defense counsel once again challenged the propriety of any fees. Once again, I decline to alter my conclusion that the plaintiffs "prevailed" in this lawsuit.
The parties were last in court this spring to argue the issue of additional attorneys' fees. Since that time, the Supreme Court decided the cases of Smith v. Robinson, ___ U.S. ___, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); and Irving Independent School District v. Tatro, ___ U.S. ___, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984). These cases prompted further written submissions from counsel in July. The court now decides that counsel for plaintiffs are entitled to the attorneys' fees awarded in the order dated December 20, 1983, plus those requested for work done in preparing the motion.
Smith v. Robinson, supra, involved several diverse claims made at various times by a young learning disabled boy and his parents. The clearest statement made by the Court in Smith is that
[W]here the [Education of the Handicapped Act, 20 U.S.C. §§ 1400, et seq.] is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the Equal Protection Clause ..., the EHA is the exclusive avenue through which the child and his parents ... can pursue their claim.
104 S.Ct. at 3470. The EHA does not have a provision for attorney's fees. Therefore, the availability of the EHA to assert an equal protection claim precludes the use of *947 42 U.S.C. §§ 1983, 1988 to recover attorney's fees on an equal protection theory.
The Court also pointed out the general agreement among courts that the EHA may not be used as the basis of an action under 42 U.S.C. § 1983. Id., 104 S.Ct. at 3468 n. 11, citing, inter alia, Quackenbush v. Johnson City School District, 716 F.2d 141, 145-47 (2d Cir.1983).
The Court was less specific in its discussion about the use of section 1983 as a means to assert due process claims in a case relating to rights secured by the EHA. The petitioners in Smith attempted to use section 1983 to mount a due process challenge to the partiality of an officer who conducted a hearing concerning the child's educational placement. The Court did not decide the question of whether this was proper in view of the detailed procedural provisions in the EHA. However, the Court did indicate that use of section 1983 to "force agencies to provide [plaintiffs] the process they were constitutionally due" was fully consistent with the intention of Congress to deny attorney's fees to those who succeed through resort to the procedures set forth in the EHA. 104 S.Ct. at 3470-71 n. 17.
The Court also assumed the propriety of a fee awarded by the district court for work done in connection with obtaining an order enjoining a school district from dropping the learning disabled student from an educational program without first providing a hearing.
Petitioners challenged the refusal of the School Board to grant them a full hearing before terminating Tommy's funding. Petitioners were awarded fees against the School Board for their efforts in obtaining an injunction to prevent that due process deprivation. The award was not challenged on appeal and we therefore assume that it was proper.
Id., 104 S.Ct. at 3467 (emphasis added).
The instant case presents a question similar to that presented in Smith but not challenged on appeal. The defendant here was accused of conduct which, if continued, would have resulted in a deprivation of educational services without hearings. I have noted that the State agreed, in mid-1980, to guarantee that this would not occur "in the court setting as a result of discussions and meetings which took place between the court and the parties" (Order of September 29, 1982, Item 68, p. 5).
When, in the Smith case, the assumed propriety of the fee award for work done to obtain an injunction preventing a program change without a hearing is viewed together with footnote 17 and the reasons for precluding reliance upon the equal protection clause, the indication is that a fee award is proper in the present case.
The centerpiece of the Court's equal protection analysis is its finding that it is contrary to the intent of Congress to permit a litigant to go directly to federal court to assert a constitutional right to a free, appropriate education when elaborate procedural safeguards, providing for extensive participation by local authorities, can be used for the same purpose. Id., 104 S.Ct. at 3469. "Allowing a plaintiff to circumvent the EHA administrative remedies would be inconsistent with Congress' carefully tailored scheme." Id. 104 S.Ct. at 3470. Then, in footnote 17, the Court states that seeking "judicial relief to force the agencies to provide [due process]" is not such a procedure in which an exemption from a fee award is indicated.
The fee awarded by the district court which the Supreme Court assumed was proper appears to have been attributable to work done in a proceeding "to force [an agency] to provide [the plaintiff] the process [he was] constitutionally due." The clear implication is that 42 U.S.C. §§ 1983, 1988 can be used to state this kind of a due process claim and obtain an award of attorney's fees.
This is essentially what was done here. The plaintiffs did not circumvent the procedures set forth in 20 U.S.C. § 1415. These procedures were not invoked, because defendant's conduct made them unavailable. The only work for which fees are awarded is the work done in connection with obtaining *948 the guarantee that the plaintiffs' educational programs would not be summarily discontinued. This is essentially a due process claim within the purview of section 1983.[1]
The fact that plaintiffs' victory came about by concession rather than by court order does not compel a different result. All that is necessary is that the result obtained be the product of plaintiffs' advocacy based upon a provision which permits an award of attorneys' fees. Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980).
I have found that plaintiffs' advocacy resulted in what is the equivalent of an order enjoining the actions contemplated by the defendant. See Order of September 29, 1982. I have also concluded, in light of Smith, that this is a proper case for asserting a due process claim under section 1983 and for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. Accordingly, the motion for attorneys' fees is granted.

II.
The court's order of December 20, 1983, permitted an award of $5,490.00 to attorney Bruce A. Goldstein. The same order allowed an award of $2,132.00 to attorney Gerald P. Seipp (32.8 hours at $65.00 per hour). Mr. Seipp now asks for an additional 18.4 hours for work done in connection with preparing this motion. He asks for a rate of $75.00 per hour. See Item 81.
I find that the number of hours claimed is reasonable. However, I believe that there is no basis to permit compensation at a rate higher than that recognized previously. Mr. Seipp shall be awarded a fee on the basis of an hourly rate of $65.00. Accordingly, Mr. Seipp shall be awarded an additional fee of $1,196.00.

III. Conclusion

The motion for attorneys' fees is granted. As provided in the court's order of December 20, 1983, Mr. Goldstein shall receive $5,490.00. Pursuant to that order and today's order, Mr. Seipp shall receive $3,328.00. Judgment shall be entered accordingly.
So ordered.
NOTES
[1] The court notes that today's order is consistent with a decision recently filed by the United States Court of Appeals for the Eighth Circuit. See, Rose v. Nebraska, 748 F.2d 1258 (1984). In fact, Rose may have gone further than the court's ruling in the present case. Rose involved a challenge to the adequacy of Nebraska's statutory procedure concerning appeals from decisions on the placement of handicapped children. This procedure conflicted with EHA requirements. The Eighth Circuit allowed an award of attorney's fees despite the fact that the complaint stated claims under both section 1983 and the EHA.